■ JOSEPH ALTMAN et al., Plaintiffs, v STRONG'S MARINE-LAND, Defendant, and YAMAHA MOTOR CORPORATION, USA, Defendant and Third-Party Plaintiff-Appellant. SPAR MARINE MANUFACTURING, LTD., Third-Party Defendant-Respondent.— In an action to recover damages for personal injuries, etc., the third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered April 27, 1990, which denied its motion for summary judgment on its third-party action for contractual indemnification.

Ordered that the order is affirmed, with costs.

The plaintiff Joseph Altman injured two fingers when an auxiliary motor bracket he had removed from his boat snapped closed while he was cleaning it. He commenced an action sounding in negligence, strict products liability, and breach of warranty against Yamaha Motor Corporation, USA (hereinafter Yamaha), and the retailer from whom he had purchased the motor bracket. The third-party defendant Spar Marine Manufacturing, Ltd. (hereinafter Spar) manufactured the auxiliary motor bracket for Yamaha, altering a motor bracket of its own design to meet Yamaha's specifications. The motor bracket was marketed as a Yamaha product. Yamaha commenced a third-party action against Spar for contractual indemnification based upon a hold harmless clause in the form Yamaha used to order motor brackets from Spar. The purchase order form also included certain warranties by the seller and provided that the agreement should be construed

*according* to California law. Yamaha's motion for summary judgment on its third-party action was denied and this appeal followed.

The indemnification clause in question provides, in pertinent part, that: "Seller [Spar] agrees to indemnify and hold harmless, assume legal liability for and, at Seller's option, defend Buyer [Yamaha] from any claim or action by any third person * * * arising out of or alleged to arise out of the processing, shipment, delivery, or use of goods purchased hereunder, or from the presence of seller's employees on Buyer's premises for any purpose in connection with this agreement, where such claims or action by third party is within the terms of any warranty of Seller, arising out of default by Seller, or occurs or is alleged to occur while any goods or services are under the control or direction of Seller".

The clause did not impose upon Spar the obligation to indemnify Yamaha with respect to negligence and strict products liability claims *(see, Rossmoor Sanitation v Pylon, Inc.,* 13 Cal 3d 622, 119 Cal Rptr 449; *Parsons Co. v Combustion Equip. Assocs.,* 172 Cal App 3d 211, 218 Cal Rptr 170; *Atkinson Co. v Schatz,* 102 Cal App 3d 351, 161 Cal Rptr 436). Rather, it limits Spar's obligation to indemnify Yamaha for causes of action arising under the terms of any warranty of Spar. Moreover, Spar and Yamaha's respective roles in the design and manufacture of the motor bracket, as well as the issuance of warnings, raise material issues of fact with respect to whether the allegedly defective aspect of the motor bracket was subject to a warranty by Spar under the purchase order. Consequently, summary judgment was properly denied. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.